30 F.3d 130
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cecil F. LEWIS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; J & H COAL COMPANY,
Respondents.
 No. 93-2551.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 28, 1994.
Decided: July 14, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-2583-BLA)
 Martin Wegbreit, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, VA, for Petitioner.
 Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, Michael J. Denney, Counsel for Appellate Labor, Washington, D.C., for Respondent.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Cecil Lewis seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of black lung benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1993). The record discloses that Lewis established the existence of pneumoconiosis arising out of coal mine employment, but that benefits were denied based on the ALJ's finding that the evidence of record was insufficient to establish the presence of a totally disabling respiratory impairment pursuant to 20 C.F.R. Sec. 718.204(c) (1993). Only one physician, Dr. Smiddy, addressed this issue, finding the miner totally disabled due to coal dust exposure.
 
 
 2
 On appeal, Lewis raises numerous arguments relating to the proper manner of weighing medical evidence under Sec. 718.204(c). We, however, need not address these arguments beyond noting our finding that the ALJ properly rejected Dr. Smiddy's report in this case. Dr. Smiddy's finding of total disability was largely based on an invalid pulmonary function study, and it cannot be gainsaid that a report may be rejected on this basis. See Director, Office of Workers' Compensation Programs v. Siwiec, 894 F.2d 635, 639 (3d Cir.1990); McMath v. Director, Office of Workers' Compensation Programs, 12 BLR 1-6 (1988). Although Dr. Smiddy was aware that the miner provided inadequate effort on the test, and that his blood gas test results revealed no impairment, he did not attempt to reconcile his conclusion with the objective evidence. The ALJ could also properly reject his opinion for this reason. See Kertesz v. Crescent Hills Coal Co., 788 F.2d 158, 163 (3d Cir.1986).
 
 
 3
 Although the record contains no further positive evidence of total disability, the Director, Office of Workers' Compensation Programs (Director) concedes on appeal that it has not fulfilled its statutory obligation under 30 U.S.C. Sec. 923(b) (1986) to provide the miner with a complete pulmonary examination. See also 20 C.F.R. Secs. 718.101, 718.401 (1993). The government's duty is not fulfilled if the record contains no credible opinion addressing a necessary element of entitlement. See Cline v. Director, Office of Workers' Compensation Programs, 917 F.2d 9, 11 (8th Cir.1990). Aside from Dr. Smiddy's report, the only other medical opinion of record was submitted by Dr. Kanwal on behalf of the Department of Labor. Although Dr. Kanwal conducted a complete examination of the miner, and diagnosed pneumoconiosis, he offered no opinion on the crucial issue of total disability.
 
 
 4
 We therefore agree with the Director's concession that the agency has not satisfied the requirements of Sec. 923(b), and remand this case to the Board for further remand as is necessary in order to ensure that this obligation is fulfilled. Lewis may also submit additional evidence if he so desires. Additionally, we note Lewis's comments regarding the age of this case and agree that the Department of Labor should expedite its review of this matter, particularly since it is responsible for delaying its resolution. Accordingly, we instruct the agency to make every reasonable effort to take no longer than ninety days to complete each level of its review of this claim.
 
 
 5
 The decision of the Board is therefore vacated and the case is remanded for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED WITH INSTRUCTIONS